UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| MIGUEL ANTONIO ALVAREZ,<br>Plaintiff,<br><br>vs.<br><br>UNITED STATES OF AMERICA,<br>Defendant. | 5:26-CV-05084-RAL<br><br>ORDER SCREENING AND DISMISSING § 2255 MOTION |

On April 25, 2024, Petitioner Miguel Antonio Alvarez was sentenced to 360 months for enticement of a minor using the internet and receipt and child pornography. The United States Court of Appeals for the Eighth Circuit affirmed the judgment as modified[1] on August 13, 2025. Alvarez did not petition the United States Supreme Court for a writ of certiorari. On July 1, 2026, Alvarez filed a timely pro se motion to vacate, set aside, or correct sentence under 28 U.S.C. § 2255. Doc. 1.

Section 2255(a) states:

> A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence.

[1] The modified judgment, entered October 16, 2025, removed the $250 monthly restitution payments from the written judgment but left in the judgment the full restitution amount.

While courts interpret pro se claims broadly, Sappington v. United States, 523 F.2d 858, 860 (8th Cir. 1975), Alvarez's motion does not set forth grounds for a § 2255 motion. Alvarez utilized a provided form to file the motion under § 2255 but does not claim that he is being held in violation of the Constitution, laws, or treaties of the United States and included no supporting facts. See Doc. 1 at 4–8. The attachment to Alvarez's motion—an inmate request to staff dated April 30, 2026—makes clear that what Alvarez seeks is compassionate release. Doc. 1-1 at 1. In the "disposition" of the request, dated May 4, 2026, a staff member wrote: "I do not believe you qualify for a compassionate release." Id.

A motion under § 2255 is not a mechanism for compassionate release. To seek such relief, Alvarez must first request compassionate release from the Bureau of Prisons. If his request is denied or ignored, he may then file such a request as a Motion for Compassionate Release in his criminal case, 5:22-CR-50149-RAL. Accordingly, it is

ORDERED that Alvarez's Motion to Vacate, set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255 is dismissed without prejudice.

DATED this 19 th day of November, 2026.

BY THE COURT:

ROBERTO A. LANGE
CHIEF JUDGE